[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15064
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cr-00203-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHADWICK L. REESE,

Defendant-Appellant.

_____

No. 16-15066
Non-Argument Calendar
_____

D.C. Docket No.  4:15-cr-00203-WTM-GRS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOEL T. MORRIS,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Georgia
_____

(March 7, 2017)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Chadwick Reese and Joel Morris appeal their respective 84- and 20-month sentences, both imposed below the guideline range, after they each pleaded guilty to one count of honest services mail fraud, in violation of 18 U.S.C. § 1341. On appeal, both Reese and Morris argue that the district court erred in using U.S.S.G. § 2C1.1(a) to calculate their guideline ranges, and that even if that was the correct Guidelines section to use, that they were not "public officials" as that term is used in § 2C1.1(b)(3). After thorough review, we affirm.

"We review a district court's interpretation and application of the Sentencing Guidelines de novo but accept the court's factual findings unless they are clearly erroneous." United States v. Ford, 784 F.3d 1386, 1396 (11th Cir. 2015). In order to be clearly erroneous, the finding of the district court must leave us with "a definite and firm conviction that a mistake has been made." Id.

The Sentencing Guidelines provide that a district court should refer to the "Statutory Index (Appendix A) [of the Guidelines] to determine the . . . offense

2

guideline, referenced in the Statutory Index for the offense of conviction." U.S.S.G. § 1B1.2(a).  The Statutory Index provides that the appropriate offense guideline for an offense under 18 U.S.C. § 1341 is either § 2B1.1 or § 2C1.1. Where the Statutory Index gives a choice between multiple Guidelines sections, the district court must "determine which of the referenced guideline sections is most appropriate for the offense conduct charged in the count of which the defendant was convicted."  U.S.S.G. § 1B1.2, cmt. n.1.

Section 2C1.1 of the United States Sentencing Guidelines addresses offenses that involve, among other things, fraud involving the deprivation of the intangible right to honest services of public officials.  U.S.S.G. § 2C1.1.  The base offense level under § 2C1.1 is 12, unless the defendant was a public official, in which case it is 14.  U.S.S.G. § 2C1.1(a).  An additional 4 levels shall be added where the offense involved an elected public official or any public official in a high-level decision-making position.  U.S.S.G. § 2C1.1(b)(3).  The application notes state that "public official" "shall be construed broadly," and that the term includes:

(A)   "Public official" as defined in 18 U.S.C. § 201(a)(1).

(B)   A member of a state or local legislature. . . .

(C)   An officer or employee or person acting for or on behalf of a state or local government, or any department, agency, or branch of government thereof, in any official function, under or by authority of such department, agency, or branch of government, or a juror in a state or local trial.

3

(D)    Any person who has been selected to be a person described in subdivisions (A), (B), or (C), either before or after such person has qualified.

(E)    An individual who, although not otherwise covered by subdivisions (A) through (D): (i) is in a position of public trust with official responsibility for carrying out a government program or policy; (ii) acts under color of law or official right; or (iii) participates so substantially in government operations as to possess de facto authority to make governmental decisions (e.g., which may include a leader of a state or local political party who acts in a manner described in this subdivision).

U.S.S.G. § 2C1.1 cmt. n.1.  The commentary for § 2C1.1 provides that the section will apply to convictions under 18 U.S.C. § 1341 "if the scheme or artifice to defraud was to deprive another of the intangible right of honest services of a public official."   U.S.S.G. § 2C1.1 cmt.   The section's commentary also provides background information regarding § 2C1.1, explaining that the section applies to offenses prosecuted under 18 U.S.C. § 1341, and that "[s]uch fraud offenses typically involve an improper use of government influence that harms the operation of government in a manner similar to bribery offenses."   U.S.S.G. § 2C1.1 cmt. background.

Section 2B1.1 also addresses offenses of fraud and deceit, among other things.  U.S.S.G. § 2B1.1.  The § 2B1.1 commentary indicates that it may apply to convictions under 18 U.S.C. § 1341.  U.S.S.G. § 2B1.1 cmt.  But it elaborates that "a state employee who improperly influenced the award of a contract and used the mails to commit the offense may be prosecuted under 18 U.S.C. § 1341 for fraud

4

involving the deprivation of the intangible right of honest services[,]" and that "[s]uch a case would be more aptly sentenced pursuant to § 2C1.1."  U.S.S.G. § 2B1.1 cmt. n.16.

Here, the district court did not err in applying § 2C1.1, rather than § 2B1.1 . The indictment charged Reese and Morris with "devis[ing] and intend[ing] to devise a scheme and artifice to defraud and deprive the citizens of Chatham County and the Chatham Area Transit Authority of their right to honest and faithful services through bribery, kickbacks and the concealment of material information," in violation of 18 U.S.C § 1341.  The plea agreements provided that Reese and Morris intended to "defraud and deprive the citizens of Chatham County and the Chatham Area Transit Authority of their right to honest and faithful services."  (emphasis added). And, after hearing argument from both sides regarding whether the Transit Authority was a public entity, the district court overruled the defendants' objection and adopted the findings in the PSI, which stated that the Transit Authority was "a public transportation entity."  Given the support in the record for this determination, we cannot say that this finding was clear error.

As we've said, the Guidelines' Statutory Index gave the district court a choice between § 2C1.1 and § 2B1.1.  In addition, the background to § 2C1.1 specifically states that it applies to the kind of "fraud offenses [that] typically

5

involve an improper use of government influence that harms the operation of government in a manner similar to bribery offenses." U.S.S.G. § 2C1.1 cmt. background. Further, the commentary to U.S.S.G. § 2B1.1 explains that "a state employee who improperly influenced the award of a contract and used the mails to commit the offense may be prosecuted under 18 U.S.C. § 1341 for fraud involving the deprivation of the intangible right of honest services[,]" but that "[s]uch a case would be more aptly sentenced pursuant to § 2C1.1." U.S.S.G. § 2B1.1 cmt. n.16. Having found that the Transit Authority was a public entity, the district court did not err in applying § 2C1.1 instead of § 2B1.1 to the defendants' sentences.

As for the defendants' claim that, as employees for the Transit Authority, they were not "public officials" for purposes of § 2C1.1(a), we disagree. As discussed above, the district court found that the Transit Authority is a government entity. And the definition of "public official" found in the Guidelines' application notes provides that the term "public official" "shall be construed broadly," and includes any "officer or employee or person acting for or on behalf of a state or local government, or any department, agency, or branch of government thereof, in any official function, under or by authority of such department, agency, or branch of government." U.S.S.G. § 2C1.1 cmt. n.1.

The indictment in this case explained that the Transit Authority was created by an act of state legislation, to operate a public transit system in Chatham County,

6

and that its yearly revenues included millions of dollars in passenger fares, local taxes, and federal grants. It detailed that Reese was the Executive Director of the Transit Authority, and that Morris was the Director of Maintenance. The indictment and the plea agreements also all provided that Reese and Morris used their "official positions to enrich themselves by soliciting and accepting cash and other payments in exchange for rigging the award of [Transit Authority] contracts to selected individuals and companies." Similarly, the FBI agent who testified at both the defendants' sentencing hearings said that they had used their positions at the Transit Authority to ensure that a company they selected received a bus cleaning contract with the Transit Authority, in exchange for monthly payments. Thus, the defendants admitted, the record supports, and the court found that the defendants used their "official positions" to enrich themselves.

In light of this record, and the Guidelines' instruction to construe the definition of "public official" broadly, the district court did not err in determining that both Reese and Morris were "public officials" for purposes of § 2C1.1(a). See U.S.S.G. § 2C1.1 cmt. n.1. Moreover, on the record as a whole, we cannot say that the district court erred in concluding that § 2C1.1 was the most appropriate Guidelines section to apply to the defendants' convictions under 18 U.S.C. § 1341.

**AFFIRMED**.